UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PIERRE JETT,

        Petitioner,        Case No. 1:17-cv-393

v.        Honorable Paul L. Maloney

SHANE JACKSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility in Carson City, Michigan. On April 23, 2015, in the Gogebic County Circuit Court, Petitioner pleaded guilty to delivery of a controlled substance (heroin), MICH. COMP. LAWS § 333.7401(2)(a)(iv), delivery/possession of a controlled substance in proximity to a park, MICH. COMP. LAWS § 333.7410a, and maintaining a drug house, MICH. COMP. LAWS § 333.7405(1)(d). On June 11, 2015, the trial court sentenced Petitioner as a habitual offender, second offense, to concurrent terms of imprisonment: 42 months to 30 years for the heroin delivery; 18 months to 3 years for the proximity to the park, and 2 years to 3 years for maintaining a drug house.

Petitioner, assisted by counsel, filed an application for leave to appeal his convictions and sentences in the Michigan Court of Appeals. Petitioner raised two issues:

I. SINCE MR. JETT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS ENTRAPPED BY THE POLICE WHEN THEY INDUCED HIM TO DELIVER HEROIN TO AN INFORMANT WHO WAS THE MOTHER OF HIS CHILD WHO ARRANGED THE CONTROLLED BUYS, WHO HAD A LONG TERM PRIOR RELATIONSHIP WITH HIM, USED HEROIN THAT SHE OBTAINED FROM HIM DURING THE TIME THAT SHE CONDUCTED THE CONTROLLED BUYS, WITHHELD PARENTING TIME WITH HIS CHILD IF HE DID NOT OBTAIN HEROIN FOR HER, AND USED SYMPATHY SO SHE WOULD OBTAIN HEROIN FROM HIM. MR. JETT ALSO ESTABLISHED THAT THIS WAS REPREHENSIBLE POLICE CONDUCT THAT SHOULD NOT BE TOLERATED AND AS A RESULT, DID THE TRIAL JUDGE CLEARLY ERR BY NOT DISMISSING THE CHARGES WHICH REQUIRES THIS COURT TO SET ASIDE MR. JETT'S CONVICTION PURSUANT TO THE FEDERAL AND MICHIGAN CONSTITUTIONS, US CONST AMEND V,VI,VIX; MICH CONST. ART 1, SEC. 17, 20?

II. SINCE THE TRIAL JUDGE ENGAGED IN IMPERMISSIBLE JUDICIAL FACT-FINDING WHEN HE ERRONEOUSLY RULED THAT MR. JETT

WAS A LEADER IN A MULTIPLE PERSON OFFENSE TO SCORE OV 14 AT 10 POINTS, THIS COURT MUST REVERSE THE TRIAL JUDGE'S RULING AND REMAND FOR A RESENTENCING PURSUANT TO THE FEDERAL AND MICHIGAN CONSTITUTIONS, US CONST. AMEND VI,V,VI; MICH CONST 1963 ART 1, SEC 17, 20?

(Pet.'s Mich. Ct. App. Appl. for Leave to Appeal, ECF No. 1-1, PageID.29.) The court of appeals denied leave by order entered January 1, 2016. (Mich. Ct. App. Ord., ECF No. 1-1, PageID.68.)

Petitioner then filed a pro per application for leave to appeal in the Michigan Supreme Court raising the same issues he had raised in the court of appeals. The Michigan Supreme Court denied leave by order entered September 6, 2016. (Mich. Ord., ECF No. 1-1, PageID.67.) Petitioner filed his habeas petition in this Court on April 26, 2017, raising the same issues he raised in the state appellate courts.

Petitioner concisely described the factual background for his prosecution in his application for leave to appeal filed in the Michigan Court of Appeals:

> Mr. Jett admitted that on October 21, 2014, he delivered heroin to his girlfriend, Missy Sharrow (who was acting as a police informant) at 251 Oak Street, which was within 1,000 feet of a park. Mr. Jett further acknowledged that others stayed in the house where drugs were being used. (PT, 4-11 ).

(Pet.'s Mich. Ct. App. Appl. for Leave to Appeal, ECF No. 1-1, PageID.30.)

Prior to entering his plea, Petitioner had raised several pretrial challenges to the charges. Among the arguments he raised was the claim that he was entrapped by police. The trial court took testimony from Sergeant Adam Clemens of the Ironwood Police Department, Missy Sharrow, and Mr. Jett. (Id., PageID.31.) The trial court denied the entrapment challenge.

After his plea and sentencing, Petitioner asked to be resentenced because he believed there was insufficient evidence to support the scoring of ten points on Offense Variable 14. That variable calls for an evaluation, in each multi-offender situation, as to whether the person being sentenced was a leader. MICH. COMP. LAWS § 777.44. Leaders are scored ten points; followers are scored zero points. *Id.* Petitioner states that he based his motion on his plea and the facts set forth in the presentence investigation report:

> According to Mr. Jett's factual basis for his plea, he obtained heroin for his then girlfriend, Missy Sharrow, who happened to live within 1,000 feet from a park, and he admitted to maintaining a drug house in the process of this transaction. In the presentence investigation report under agent's description of the offense, it details several drug transactions that were conducted by a confidential informant with both Mr. Jett and James Schaus, and a police raid at 251 E. Oak St. in Ironwood, Michigan, that led to the removal of fourteen people from the house. (PSIR 2-4).
>
> Mr. Jett argued that even with the entire criminal transaction considered, there was insufficient evidence to show that he was the leader of a multiple offender situation. The record only showed that Mr. Jett may have been working with James Schaus to distribute heroin to an informant, and there was insufficient proof that Mr. Jett acted as a leader and gave anyone directions or orders above and beyond what was required to commit the within offenses. Furthermore, Mr. Jett argued that it was not shown that he recruited others to distribute a controlled substance when the controlled buys occurred nor did it show that he possessed a greater amount of initiative or involvement than James Straus.

(Pet.'s Mich. Ct. App. Appl. for Leave to Appeal, ECF No. 1-1, PageID.32-33.)

## **Discussion**

### I.  Entrapment

Petitioner first contends that his entrapment by police invalidates his convictions. Petitioner waived that contention when he pleaded guilty.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings that do not relate to the voluntariness of the plea, including the affirmative defense of entrapment. *See Eaton v. United States,* 458 F.2d 704, 707 (7th Cir. 1972) ("[I]t is well settled that a defendant's plea of guilty admits, in legal effect, the facts as charged and waives all non-jurisdictional defenses. Entrapment is a non-jurisdictional defense on the merits and petitioners have waived their right to assert it."). Moreover, "[t]he argument of entrapment is a defense based on statutory interpretation and is therefore a non-constitutional claim." *Graves v. United States*, No. 1:13-cv-378, 2014 WL 2604561 at *1 (W.D. Mich. Jun. 11, 2014) (citing *Sosa v. Jones*, 389 F.3d 644, 647-49 (6th Cir. 2004) (holding habeas petition could not be based on entrapment claim because entrapment is not a constitutional claim)). In short, Petitioner's challenge to the trial court's decision rejecting his entrapment defense is not cognizable on habeas review and, even if it were, Petitioner has waived it by his guilty plea.

II. Sentencing issues

Petitioner contends the trial court erred when it scored ten points on Offense Variable 14 because it concluded Petitioner was a "leader" in a multi-offender situation. "[A] federal court may issue

the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). There are some exceptions to the general rule. For example, a sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948).

To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention"

to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner states that the court relied upon false information here. Closer examination of his argument, however, reveals that his true contention is that the court concluded Petitioner was a "leader" based on insufficient evidence. Petitioner fails to identify any false information that formed the basis for that conclusion. Thus, Petitioner's challenge is accurately characterized as an objection to application of the Michigan sentencing guidelines. Such a challenge is not cognizable on habeas review.

Plaintiff next attempts to cast his sentencing challenge as a cognizable habeas issue by claiming his sentence is the product of impermissible judicial fact-finding, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). To avoid the impermissible judicial fact-finding identified in *Alleyne*, in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court made the Michigan sentencing guidelines advisory rather than mandatory. Although the *Lockridge* opinion was entered after Petitioner was initially sentenced, it was issued well before the trial court ruled on Petitioner's motion for resentencing. Thus, at the time the trial court judge denied the motion to resentence, and stood firm on the original sentence, he knew the guidelines were advisory only, removing any possible taint of impermissible judicial fact-finding.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   May 12, 2017                             /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge